UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 6:17-CR-070-CHB-8 |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION AND** |
| JASON R. TAYLOR, | ) | **ORDER DENYING MOTION FOR** |
| | ) | **COMPASSIONATE RELEASE** |
| Defendant. | ) | |

*** *** *** ***

This matter is before the Court on Defendant Jason R. Taylor's *pro se* Motion for

Compassionate Release. [R. 549] The United States has responded in opposition (based on

procedural grounds only). [R. 558] Defendant did not file a reply, and the matter is ripe for

review. For the reasons stated herein, Defendant's Motion is denied.

## I. Background

On September 6, 2019, Mr. Taylor pleaded guilty to one count of conspiracy to distribute

500 grams or more of a substance containing a detectable amount of methamphetamine. [R. 42]

He was sentenced to 34 months imprisonment (below the low end of his Guideline range) to be

followed by 5 years of supervised release. [R. 397] He is currently serving his sentence at the

Federal Correctional Institute at Elkton (FCI Elkton). *Inmate Locator*, Bureau of Prisons,

https://www.bop.gov/inmateloc/ (last visited June 7, 2021). His projected release date is

November 24, 2021. *See id.* On April 19, 2021, Defendant filed his motion for a sentence

reduction pursuant to 18 U.S.C. § 3582(c)(1)(A), known as "compassionate release," in light of

the COVID-19 pandemic. [R. 549] This is not Mr. Taylor's first motion for a sentence reduction.

- 1 -

He previously sought compassionate release, [R. 453], which the Court denied. [R. 481]

## II.  Legal Standard

The compassionate-release statute allows the Court to reduce the term of imprisonment and impose a term of probation or supervised release under certain narrow circumstances. Section 3582(c) provides that:

> The court **may not** modify a term of imprisonment once it has been imposed **except that**—
>
> > (1) In any case—
> >
> > > (A) **the court**, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, **may reduce the term of imprisonment** (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), **after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that**—
> > >
> > > > (i) **extraordinary and compelling reasons warrant such a reduction** . . .
> > > >
> > > > **and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.**

18 U.S.C. § 3582(c)(1)(A) (emphasis added). Prior to the First Step Act of 2018 (FSA), Pub. L. No. 115-391, 132 Stat. 5194, only the director of the Bureau of Prisons (BOP) could move for a sentence reduction under section 3582(c). 18 U.S.C. § 3582(c)(1)(A) (2017); *United States v. Jones,* 980 F.3d 1098, 1104 (6th Cir. 2020). However, under the FSA, courts may now consider motions by defendants so long as the defendant satisfied the statute's exhaustion requirement— that is, "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18

- 2 -

U.S.C. § 3582(c)(1)(A). Exhaustion by one of the two means listed is a "mandatory condition" to the Court granting compassionate release. *United States v. Alam*, 960 F.3d 831, 833−35 (6th Cir. 2020). If the government "properly invoke[s]" the condition, the Court must enforce it. *Id.* at 834.

Upon satisfying the exhaustion requirement (or upon waiver by the government of this requirement), the statute requires the Court to undertake a three-step test in reviewing compassionate-release motions. *Jones*, 980 F.3d at 1107–08. At step one, the Court must "find" whether "extraordinary and compelling reasons" warrant a sentence reduction. *Id.*; 18 U.S.C. § 3582(c)(1)(A)(i). At step two, the Court must "find" whether a reduction in the sentence is "consistent with applicable policy statements issued by the Sentencing Commission." *Id.* at 1108; 18 U.S.C. § 3582(c)(1)(A)(i). At step three, the Court must "consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case." *Jones*, 980 F.3d at 1108 (quoting *Dillon v. United States*, 560 U.S. 817, 827 (2010)). In reference to step two, the Sentencing Commission in 2006 issued its policy statement in § 1B1.13 of the United States Sentencing Guidelines and the application notes to that section. *See* 28 U.S.C. § 994(t); U.S.S.G. § 1B1.13 (2006). However, because this policy statement has not been updated since passage of the First Step Act in December 2018, the Sixth Circuit recently held that § 1B1.13 is inapplicable to compassionate-release motions filed by the prisoner (as opposed to motions filed by the Director of the Bureau of Prisons). *Jones*, 980 F.3d at 1109–11; *see also United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021). Consequently, in cases like this one, where the defendant files a motion for compassionate release, "federal judges may skip step two of the § 3582(c)(1)(A) inquiry and have full discretion to define 'extraordinary and compelling' without

consulting the policy statement § 1B1.13." *Jones*, 980 F.3d at 1111. Further, "district courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *Elias*, 984 F.3d at 519. Of course, when granting a compassionate-release motion, the district court must address all three steps in its analysis. *Id.* The defendant bears the burden of establishing a sentence reduction is warranted. *United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013).

With these standards in mind, the Court will now turn to the substance of Defendant's Motion.

### III.    Discussion

### A.    Extraordinary and Compelling Reasons

As an initial matter, the Court will first address whether Defendant has satisfied the administrative exhaustion requirement. *Alam*, 960 F.3d at 833−35. Mr. Taylor requested compassionate release from the FCI Elkton warden, and the request was denied on April 27, 2020. [R. 549-1, p. 5] Because more than thirty days have passed since Mr. Taylor made his request to the warden and the filing of his Motion, the Motion is timely. *Alam*, 960 F.3d at 833−35.

The Court next considers whether the Defendant meets the substantive requirements for compassionate release as outlined by the Sixth Circuit in *Jones*. At step one, the Court must find that "extraordinary and compelling reasons" warrant a sentence reduction. § 3582(c)(1)(A)(i); *Jones*, 980 F.3d at 1107–08. The statute does not define "extraordinary and compelling" and, as mentioned above, the *Jones* Court recently held that the Sentencing Commission's policy statement in U.S.S.G. § 1B1.13 is inapplicable. *Jones*, 980 F.3d at 1111. Consequently, until the Sentencing Commission updates § 1B1.13 post–First Step Act, "district courts have full

discretion in the interim to determine whether an 'extraordinary and compelling' reason justifies compassionate release when an imprisoned person files a § 3582(c)(1)(A) motion." *Id.* at 1110.

In his Motion, Defendant argues for compassionate release due to "several underlying conditions that make[] him particularly susceptible to COVID-19" including high blood pressure, injuries to his back and neck, and recent findings on a chest CT scan that will require follow-up testing. [R. 549] He attaches information concerning his individual need plan, his various medications, and the CT imaging report. [R. 549-1] He also expresses concern with FCI Elton's handling of the pandemic, but acknowledges that the infection rate has "slowed" of late. [R. 549, p. 5]

After review of the BOP website that tracks these statistics, it is true that FCI Elton struggled to contain the virus. Out of 1,395 inmates, 810 contracted COVID and 9 died. *COVID-19 Cases*, Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited June 7, 2021); *FCI Elton*, Bureau of Prisons, https://www.bop.gov/locations/institutions/elk/ (last visited June 7, 2021). But matters have vastly improved. Currently there is 1 case among inmates and 1 involving staff. *COVID-19 Cases*, Bureau of Prisons, https://www.bop.gov/coronavirus/. The Court understands that every COVID diagnosis in prison is serious and must be addressed quickly and effectively. Still, even if Defendant met the first step of the compassionate-release test—that is, if the Court found "extraordinary and compelling" circumstances based on his health issues, the COVID-19 pandemic, and the conditions at FCI Elton—the Court finds that the § 3553(a) factors (Step 3) do not warrant a sentence reduction under the particular circumstances of this case.

## B. Balancing Under § 3553(a)

The Court has thoroughly reviewed the briefs and the factual record in this case in light

of the § 3553(a) sentencing factors (and their purpose), which include in part: the nature and circumstances of the offense; the Defendant's history and characteristics; and the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford deterrence, protect the public from further crimes, and avoid unwarranted sentencing disparities. § 3553(a)(1)–(7); *see also Jones*, 980 F.3d at 1112–16 (discussing the district court's obligation to weigh the § 3553(a) factors and provide specific factual reasons for its decision that furnish a thorough factual record for review). This Court need not "specifically articulat[e]" every single § 3553(a) factor as part of its analysis. *Jones*, 980 F.3d at 1114. Rather, the record "as a whole" (the original sentencing proceeding and the modification proceeding) must confirm the district court considered the "pertinent" factors. *Id.* at 1115. This Court has thoroughly reviewed the sentencing proceedings in this case, along with the parties' arguments and submissions related to the current Motion, and is convinced that release is not warranted under the statutory factors.

First, the "nature and circumstances of the offense" weigh against release. § 3553(a)(1). Defendant participated in a large drug conspiracy involving a significant amount of methamphetamine, one of the most destructive and addictive drugs. [R. 342] As to Defendant's "history and characteristics," the Court noted at sentencing that Defendant had no criminal history and had a long history of hard work, notwithstanding his drug addiction and other struggles in life. The Court took into consideration Defendant's many positive characteristics in fashioning his sentence, and in particular respects his long history of work in the coal mines and lumber yard notwithstanding the toll it has taken on his physical health.

Turning to the other factors, the Court sentenced Mr. Taylor to 34 months imprisonment, well below his Guideline range of 57-71 months. [R. 397] Release at this point would not

"reflect the seriousness of the offense, []promote respect for the law, and []provide just punishment for the offense." § 3553(a)(2). Indeed, granting the relief requested would undercut the dual goals of promoting respect for the law and providing just punishment. The Court thoroughly reviewed all the § 3553(a) factors at Defendant's original sentencing hearing and has done so again. The same factors that warranted a sentence of 34 months weigh against a further sentence reduction. Further, the Court carefully considered the mitigating factors in Mr. Taylor's background and sentenced him to a below-Guideline sentence. But release at this point would fail to deter criminal conduct.

The Court would be remiss if it did not comment on Mr. Taylor's significant and impressive efforts toward rehabilitation during incarceration. He notes he "is not the same person he was before," has paused to "reflect on his past," has "taken full responsibility for his criminal behavior," and "deeply regrets his past decisions." [R. 549, p. 7] His Individualized Needs Plan submitted to the Court reflects Mr. Taylor completed (or is currently enrolled in) numerous courses related to health, aging, resume writing, and most importantly, drug treatment. The Court is likewise impressed with Mr. Taylor's well-conceived plans upon release from imprisonment to return to his home and seek employment. *Id.* But in light of the substantially below-Guideline sentence the Court imposed, and upon consideration of *all* the § 3553(a) sentencing factors, release is not warranted.

Accordingly, and the Court being otherwise sufficiently advised, **IT IS HEREBY ORDERED** that Defendant Jason Taylor's Motion for Compassionate Release [**R. 549**] is **DENIED**.

This the 7th of June, 2021.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY